Simon, J.
The petition of John Nolan states, that on the 16th of June, 1845, a final judgment of partition was rendered and read in the Court of Probates, of the parish of West Baton Rouge, by the Judge thereof, in the suit of P. P. Babin against the petitioner. That the object in dispute, and the amount of said judgment, *316 far exceeded the sum of $300. That said judgment was rendered on the motion of the plaintiff Babin, to which the applicant filed his answer in writing, objecting to the rendition and recording of said judgment upon good and sufficient grounds. That the Judge overruled said objections and grounds, and was proceeding to sign the judgment, when the applicant, by his counsel, filed his motion and grounds for a new trial, which were also overruled on the same day, to wit, the 23d of June, 1845. And that said judgment is a final one, rendered in all the matters of partition submitted to the notary, and in opposition to the legal rights of the applicant, which he has a right to appeal from to this court, in order to have the same corrected.
He further complains, that having made a motion for an appeal from said judgment to this court, offering the security required by law to suspend the judgment, said appeal was refused by the Judge; and the applicant was deprived of the right of having said judgment suspended and the errors of the same corrected, &c. He, therefore, makes application to this court for a writ of mandamus to issue, addressed to. the Judge of the Probate Court of the parish of West Baton Rouge, directing him to grant said appeal, and enjoining all further proceedings on said judgment until the matters therein adjudged upon, can be heard and finally determined by this court, &c. Whereupon a rule to show cause was issued and served upon the Judge, a quo, who filed his answer to the same substantially as follows:
He first alleges, that the judgment complained of was rendered and read in consequence of the applicant’s prayer, contained in a petition by him filed on the 17th of February, 1845, in which he asked that the first proceedings had in the matter of homologa-ting the partition, should be set aside and annulled, and that a new judgment be rendered and read in open court; to which demand the plaintiff Babin consented, and said judgment was rendered, read and signed accordingly.
The Judge further states, that the applicant could only object to the manner and form in which the act of partition was conducted and made, as all the other matters and points in controversy had been previously decided upon by the inferior court, whose judgments were confirmed, on divers appeals, by the Su *317 preme Court. • That the applicant’s main object in these proceedings, is to protract the cause, and in the mean time to enjoy and keep in his possession the property of the plaintiff. That this is fully shown by the applicant’s conduct in the course of this litigation, and in various instances to which the Judge bitterly alludes, and refers to as within our knowledge. That, on our referring to the proceedings in the partition, to the -two petitions .already referred to, to the act of partition itself, and to the several judgments of the Supreme Court, it will be seen, that there is no truth in the said two petitions, and that the inferior court could not have been justified in granting to the applicant a new trial, and appeal, as by him prayed for ; and that, under a decision of that court, pronounced on a similar application between the same parties, and a part of which he quotes in his answer, he, the Judge, could not for a moment suppose, that this court would again intervene in the matter, so as to prevent the lower court from executing their former decrees.
The Probate Judge further proceeds to state his views on the principal subject of the controversy, under certain articles of the Civil Code, which he quotes; alludes to the injunction heretofore obtained by the applicant from the court of the Fourth District; and refers us to a certain fact shown by the previous proceedings, as being contradicted by the statements made by the applicant in his petition of the 23d of June, 1845, &c.
Notwithstanding the .unfavorable circumstances under which the applicant appears to present himself before us, and the alleged, and even apparent attempt on his part, to protract this litigation, although most of the principal, nay perhaps all the matters in controversy between him and his adversary have been finally settled by divers judgments of this court, which have acquired the force of res judicata, yet the only question which we have to consider in this application, under the allegations contained and sworn to in his petition for a mandamus, is, whether he has a right to an appeal from the judgment homologating the final and notarial act of partition of the estate formerly in community between him and his deceased wife ?
■ It may be true, that the act of partition reported to the Court of *318 Probates, and homologated by the judgment complained of, was made wholly in accordance with the divers decrees of this court, as they were progressively rendered on the appeals of the parties; and that, having the effect and force of res judicalcb, these judgments cannot any longer be inquired into, and must stand as law between said parties. It may be also true, that on examining the report of the notary, and the judgment from which an appeal is sought to be obtained, it will be found, that the appellant has no ground of complaint, and that the final proceedings complained of, are merely the carrying into execution of all our previous judgments ; but how cau we ascertain the correctness of the inferior judge’s position in refusing the appeal prayed for, unless we examine the case on its merits, and inquire into the manner in which the notary has proceeded to make the partition under the legal rules recognized in our previous judgments 1 This we are not allowed to do on mere application for a mandamus ; for, it would be inquiring indirectly into the correctness of the very judgment from which an appeal is sought to be taken ; and as our laws have provided the penalty which an appellant is to incur, in case of his taking a frivolous appeal, (Code of Pract. art. 907,) and as it suffices that a judgment be a final one within our appellate jurisdiction, to be subject to be appealed from, (Code of Pract. art. 565,) our saying now, that the applicant has no right to his remedy by appeal from the final judgment by him complained of, would perhaps amount to a denial of justice, and would be pronouncing indirectly, upon the very grounds which the appellee might rely on to sustain the judgment appealed from, if the case was brought up before us by a regular appeal.
The judgment from which the applicant seeks to obtain an appeal to this court, does not merely order the execution of our decrees ; it homologates the report of the notary to whom the final partition was referred, and settles finally the rights of the parties thereto. Whether such final partition was made according to, and under the principles and rules established in our former decrees, and whether anything has been done by the notary or by the Judge, a quo, in homologating the report, in violation of the legal rights of the parties, as previously settled by the judgments of this court heretofore rendered between them, are questions *319 which cannot be inquired into but on the appeal of the party who conceives that he has been injured, and who seeks redress at our hands; and, to say at once, -that the report and judgment complained of, without their being appealed from, are correct and ought not any further to be examined by us, would be presuming and taking for granted that the appeal would be frivolous, and declaring that the party who intends to appeal, is not entitled to the sacred and constitutional right of showing and obtaining the correction .of the errors which may have been committed below to his prejudice. Again, this would be a denial of justice.
In the case of the State against the same Judge, decided in June, 1844, (8 Rob.) we discharged the rule, because the judgment or order sought to be appealed from was one merely ordering the execution of a judgment of this court; and because the applicant was precluded from claiming at our hands, any alteration or modification thereof, and, a fortiori from opposing its execution. But the case here is very different. According to art. 1290 of the Civil Code, the contestations arising between the parties in the course of the partition, were referred to the court, a qua, and to us, and decided upon previously to making the final partition. Those matters in controversy were settled by our different judgments, which so far as they go, must necessarily form res judicata between the parties; but the partition never was finally made until the report of the notary was homologated by the judgment complained of, and sought to be appealed from; (Civ. Code, arts. 1296, 1297, 1298, 1299;) and it seems to us that, as said partition and judgment are intended to be final, and as either of the parties has a right to show by appeal therefrom, that his legal rights, as settled by our previous decrees or judgments, have been violated, or have been disregarded, or that the final partition has not been made in conformity therewith, either should be allowed to bring his case before us by appeal; in order that if-any error has been committed to his prejudice, it may be corrected ; and that we may be enabled to ascertain, if the judgment complained of is strictly within the meaning and application ■of our previous decisions." It is clear, that no change can be made in the rights of the parties as settled at different times by our judgments, and that our said judgments are the law under *320 which the final partition was to be made ; but whether the final judgment does not go beyond, or is not contrary to the rules by us established in the adjustment of their rights, is a question which cannot be inquired into but on the appeal of the party who, deeming himself aggrieved thereby, alleges that it contains errors to his prejudice.
We are of opinion that the appeal applied for should have been granted.

Rule made absolute.